MRS. BRIDGET CATANZARO EDEL.

-vs-

ANDRY REALTY COMPANY (LTD).

NO. 7 9 8 0.

COURT OF APPEAL.

PARISH OF ORLEANS.

- DINKELSPIEL. J.-

-DINKELSPIEL. J.-

The issues involved in this matter are altogether of fact and the law quoted from Civil Code, Articles 404 & 410, together with citation of authorities by appellant affords no relief, and in our opinion, is absolutely without force and have no application to the question involved.

The facts as recited in the record are; plaintiff claims, that on the 1st. of May. 1911, she purchased from the Egania Realty Co. a certain lot of ground, described in the petition, for the sum of One hundred dollars, ten dollars payble in cash and the balance in monthly payments of' five dollars each; she has paid all of the balance except thirty-five dollars; that the aforesaid mentioned Re⁴lty Co. went into the hands of a Receiver. that T. Walter Danziger, who was Receiver of the Company, had been frequently tendered the $35. in question, but had always refused to accept dame, and to make title to her of the property; that subsequently and during the receivership she took a rule upon the Receiver to show cause why he should not be compelled, on the receipt of the money, to make title to the property; that before the rule could be tried the company was taken out of the hands of the Reciver and changed it's name to the presset Andry Realty Co.; that they held title to said property in the name of said company.and continue to hold same. That she was always ready, willing and frequently offered to pay the balance due to said company, but was unsuccessful in doing ds so Hence, she prxxx prays for judgment against defendant company, either to deliver to her title to the lot, as prayed for, within thirty days from the finality of the judgment rendered by the Court below, upon payment of $35.00., the balance due, or in the alternative

405

she prayed for judgment in her favor for the sum of $215.00. together with legal interest, for costs and general relief.

To this petition defendants filed exceptions, first, that the proceedings are barred by law, because plaintiff avers, that Court proceedings were instituted by her against the Receiver of the Egania Realty Co. which was the former name of defendant company, on December, 27th. 1913, and that she has suffered more than five years to elapse since then without prosecuting her claim, and therefore barred by the lapse of five years; and, second, pleads that the petition shows no cause of action.

The exceptions being overruled, and reserving the benefits thereof, defendant, admitted that the rule taken on Danziger, Receiver, was had, and there was no trial of said rule because of subsequent liquidation and the purchase by the original company by defendant of the property in question and all other property. And also pleads, as in the exception, that the lapse of five years barred recovery.

Subsequently a supplemental answer was filed reiter -ating the allegations of the original answer, and goes on, quoting a part of the original act of sale to plaintiff, which reads; " That should the purchaser fail to make two consecutive monthly payments, it considered, shall be/as the abandonment of her interest in this contract and it shall become forfeited".

And, alleging that plaintiff failed and neglected to make the consecutive monthly payments called for by said contract, and by the express provisions of said contract, her rights therein to the funds paid by her has become forfeited, and which forfeiture the

406

company specially pleads in bar of plaintiff' rights; and that plaintiff should pay the taxes on the lot, made the subject of the contract, for the year 1911, and not xkx having done do all rights of plaintiff were abandoned and this being a speculative suit should be dismissed. This cause was tried on the 9th. June, 1920?-Testimony was taken, and Mr. John A. Woodville, Counsel for plaintiff, objection first having been made to any evidence being adduced in support of plaintiff's demands, because of the allegations of the answer, the exceptions and the amended answer, filed, and which objections were overruled and a bill of exception reserved.

On the trial the follows admissions were made;-
" It is admitted, that the contract sued upon, dated May, 1st. 1911. signed by the Egania Realty Co. H. S. Robert, President, and the plaintiff herein, was execu-ted on the date set out in the contract, and the signatures to the contract are genuine.

" It is further admitted, that the eleven notes drawn to the order of the Egania Realty Co. signed by plaintiff, filed as part of the patition, together with the receipts for ten dollars by said company, dated May, 1st. 1911, were executed in accordance with the contract heretofore offered in evidence. and with the sixty-five dollars represented by those notes and the receipt for ten dollars were paid to the company, the last payment having been made on the 18th. March, 1913, as shown by the receipt written ancross the Note No. 11.

" It is further admitted, that in the suit No, 100,180, Division, 'D', of this Court, judgment was rendered on the 8th. of April, 1912, appointing T. Walter Danziger, Receiver; that on the 24th. December, 1912, plaintiff herein, took a rule on the

Receiver to compel him to make title to her on this lot of ground on her paying the balance of $35.00., the offi cers of the company not being parties to the rule, only the Receiver.

" It is further admitted, that before the trial of this rule the company was taken out of the hands of the Receiver and by judgment signed on the 20th. of May, 1913, the Reciver was discharged.

" It is also admitted, the Andry Realty Co. Limited, id now the defendant, under a new name, it having been taken by the Egania Realty Co. Limited, by amendment of it's charter. "

In connection with the admission and Mr. Woodville'S testimony, the original contract referred to signed by Roberts, President of the Egania Realty Co. Limited, and Mrs. Bridget Catanzaro Edel, has Mr. Robert's name on one side of the contract and Thomas D. Flynn, Secretary and Treasurer on the other side of the paper contract, with offices No. 1010 Hibernia Bank Building, and where the notes paid by plaintiff in this suit were paid at the office referred to from time to time.

The testimony of Mr. Woodville shows nothing beyond what the admissions prove.

Mr. U. Marinoni, a witness for defendant and one of it's Attorneys, testified:-

Q- You have heard the testimony of Mr. Woodville, and as you are a Lawyer, just state to the Court what occurred in reference to this matter of your own knowledge?

A- I did have several interviews with Mr. Woodville about this matter. He is right when he states that we had several conversations about the matter. On of the questions, however, which we were never able to clarify was of the prior payments, or, that is the recipts which

have been offered in evidence in this case, and there never has been any sufficient proof nor evidence shown me that this money was ever really paid over to the Andry Realty Co. As to the question of the mortgage referred to by Mr. Woodville, he evidently did not recollect that I explained to him the modus operandi, as to the cancellation of the mortgage, which is made in all these cases by the Whitney Central Trust and and Savings Bank, acting as Trustee in the matter on behalf of the mortgage creditors. So the mortgage itself could not be any impediment as to any sale, because the purchase price being turned turned over to the Whitney Central Trust and Savings Bank as Trustee, they at once issue a partial release of mortgage covering that particular piece of property, and that is the way that releases are being made and are still being made to this day. There never had been a tender made to me of the balance of the purchase price, or to any of the officers of the company to my knowledge. Nor have we waived any of the provisions contained in the contract that has been offered in evidence."

" Admission— It is admitted, that the lot in controversy is now worth sum of $350.00." .

An examination of the Agreement to Sell and admitted to be the original, together with the first payment made and the subsequent notes by plaintiff establishes all the facts as alleged by plaintiff in this cause as tru, and the admissions together with the act in question prove beyond controversy plaintiff's rights to the property in question, or the amount of it's value at the time this suit was filed.

It is uncontradicted, that plaintiff has always been ready, willing and anxious to pay the balance due the

company of $35.00.but she would not pay it until she got title to the property for after the company had received $65.00. of her money it went into the hands of a Receiver and she was justified in wanting title made when she paid the balance due it, $35.00.; and it is undeniable that during all the time that elapsed, pending the Receivership proceedings, and finally the taking of the property in question by the present defendant, that everything possible that could have been done was done by the Attorney in this case to pay the amount due to the parties in interest, but unsuccessful and/in ~~working~~ <sup>plaintiff was</sup> no wise to blame, hence, all the authorities cited by appellant could have no possible bearing and have none.

For the reason herein assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court, be, and the same is hereby affirmed. ~~Plaint~~ Defendant to pay costs of both Courts.

-Judgment Affirmed-